FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

**NOV 1 4 2002**

MARKUS B. ZIMMER, CLERK

PAUL M. WARNER, United States Attorney (#3389) BY _____
VEDA M. TRAVIS, Assistant United States Attorney (#6449) DEPUTY CLERK
Attorneys for the United States of America
185 S. State St., #400
Salt Lake City, Utah 84111   **SCANNED**
Telephone:  (801) 524-5682

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 2:02-CR-193C |
| Plaintiff, | : | |
| vs. | : | **STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY** |
| RYAN D. HESSE, | : | |
| Defendant. | : | |

---

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining and completing this form:

1.  The nature of the charges against me have been explained.  I have had an opportunity to discuss the nature of the charges with my attorney, and I understand the charges and what the government is required to prove in order to convict me.

2.  I know that the maximum possible penalties provided by law for the offense to which I am pleading guilty are:

(a)  Count I, Possession of a Firearm by a Restricted Person, a violation of 18 U.S.C. § 922(g):  A TERM OF IMPRISONMENT OF NOT MORE THAN TEN (10) YEARS PLUS A FINE OF TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), AND A TERM OF SUPERVISED RELEASE OF NOT MORE THAN THREE (3) YEARS.

23

(b) I understand that if I violate any term or condition of supervised release imposed as part of my sentence, I can be returned to prison to serve the remainder of my sentence <u>plus</u> the full length of the term of supervised release.

(c) Additionally, I know the court is required to impose an assessment in the amount of $100.00 as to each count to which I am pleading guilty, due and payable at the time of sentencing.

3. I know that the sentencing procedures in this case, and the ultimate sentence, will be determined pursuant to the Sentencing Reform Act of 1984, and I have discussed that with my attorney. I further know that the final calculation by the Court for sentencing purposes under the procedures applicable to that Act may differ from any calculation the United States, my attorney, or I may have made, or that the United States and I may have agreed to and set out in ¶12 or ¶13 of this agreement and that I will not be able to withdraw my plea if they are different than the Court's calculations.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can persist in that plea.

6. I know that I have a right to a trial by jury, and I know that if I were to go to trial on the offenses charged in the Indictment in my case:

(a) I would have a right to the assistance of counsel at every stage of the proceeding;

(b) I would have a right to see and observe the witnesses who testified against me;

(c) My attorney would have the opportunity to cross-examine all of the witnesses who testified against me;

- 2 -

(d)   I could call witnesses if I chose to, and I would be able to obtain subpoenas requiring the attendance and testimony of those witnesses.  If I could not afford to pay for the witnesses to appear or if I could not pay their mileage fees, the government would pay;

(e)   I could not be forced to incriminate myself and I would not have to testify at my trial;

(f)   If I chose not to testify, the jury would be told that no inference adverse to me could be drawn from my not testifying;

(g)   The government would have to prove each and every element of the offense charged against me beyond a reasonable doubt;

(h)   It would require a unanimous verdict of a jury to convict me; and,

(i)   If I were convicted, I could appeal my conviction.  If I could not afford the costs of the appeal, the government would pay those costs for me.  If I could not afford counsel, the government would pay for an appointed attorney to prosecute my appeal.

7.  Under a plea of guilty, there will not be a trial of any kind.

8.  I know that there is no appellate review of any lawful sentence imposed under a plea of guilty.

(a)   However, I know I may appeal a sentence imposed under this plea of guilty under the following circumstances:

(1)   If the sentence was imposed in violation of law;

(2)   If the sentence was imposed as a result of an incorrect application of the Sentencing Guidelines;

(3)   If the sentence is greater than the sentence specified in the applicable guideline range to the

extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more restrictive condition of probation or supervised release than those provided under 18 U.S.C. § 3563; or

(4)   If the sentence was imposed for an offense for which there is no sentencing guideline and the sentence is plainly unreasonable.

(b)   I also know that the United States may appeal a sentence imposed under this plea of guilty in the following circumstances:

(1)   If the sentence was imposed in violation of law;

(2)   If the sentence was imposed as a result of an incorrect application of the sentencing guidelines;

(3)   If the sentence is less than the sentence specified in the applicable guideline range to the extent that the sentence includes a lesser fine or term of imprisonment, probation, or supervised release other than the minimum established in the guideline range, or includes a less restrictive condition of probation or supervised release than those provided under 18 U.S.C. § 3563;

(4)   If the sentence was imposed for an offense for which there is no sentencing guideline and the sentence is plainly unreasonable.

(c) Fully understanding my right to appeal my sentence, as explained above, and in consideration of the concessions and/or commitments made by the United States in ¶ 13(a) of this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal any sentence within the maximum provided in the statutes of conviction (or the manner in which that sentence is determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute(s) of conviction, and (2) an upward departure from the final Sentencing Guidelines range

- 4 -

determined by the Court.

(d) I also knowingly, voluntarily and expressly waive my right to challenge my conviction and/or sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255.

(e) I understand that nothing in this plea agreement and my waiver of appeal rights shall affect the government's right to appeal my sentence pursuant to 18 U.S.C. § 3742(b). However, I understand the United States agrees that if it appeals my sentence, I am released from my waiver.

(f) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the court's sentencing authority, including but not limited to (1) Sentencing Guidelines rulings and determinations; (2) the imposition of imprisonment, fines, supervised release, probation and any specific terms and conditions thereof; and (3) any orders of restitution.

9.   I know that under a plea of "Guilty", the Judge may ask me questions under oath about the offense to which the plea is entered.  The questions, if asked on the record and in the presence of counsel, must be answered by me, and if I give false answers, I can be prosecuted for perjury.

10.   I understand that the Court may choose to make no decision as to what the sentence will be until a Presentence Report has been received and reviewed by the Judge.  I further understand that the Court is not obligated in any way to follow the recommendation of the government concerning sentencing matters.  If the Court does not follow the government's recommendation, I know that I will not be allowed to withdraw my plea of "Guilty".

11.   I understand that the Court can and will consider all available information in determining my sentence. I also understand that if I am sentenced to prison, such information may be considered by prison officials in making decisions concerning my incarceration.

- 5 -

12.  I stipulate and agree that the following facts
accurately describe my conduct.  They provide a basis for the
Court to accept my change of plea to guilty:

(a)  On or about September 16, 2001, I knowingly
possessed a firearm that had travelled in interstate commerce,
specifically, an AK-47.  I further admit that on that date, I
had previously been convicted of a felony.

(b)  I admit that my conduct violated 18 U.S.C.
§ 922(g).

13.  I understand that the terms and conditions of the
agreement between the government and me are set out below.
There are no other agreements or arrangements.  No promises
other than those stated have been made.

(a) I will enter a plea of guilty to Count I of the
Indictment.  The government agrees not to indict me for any
other gun offenses of which the government is aware at this
time.  In exchange for my waiver of appeal set forth in ¶ 8,
the government further agrees to move for leave to dismiss the
remaining count against me at the time of sentencing.

(b) Based on the information now known to the
government, the government will recommend that I be given a 2
level reduction for acceptance of responsibility, if the base
offense level in my case is determined to be less than 16, or
a 3 level reduction if the base offense level is 16 or higher.
I understand that the Court need not follow the government's
recommendation.

(c) Based on the information now known to the
government, the government has agreed to recommend that I be
sentenced at the low end of whatever sentence guideline range
is applicable to my case.  I understand that the Court need
not follow the recommendations of the government.

(d) I have agreed to cooperate with the government
by providing information and assistance with reference to the
investigation and prosecution of others for various violations
of federal law.  I agree to continue cooperating with the
government by providing truthful information and by testifying

- 6 -

truthfully on behalf of the government if asked to do so.  I
understand that if my assistance is found, in the sole
judgment and discretion of the government, to be substantial,
the government will move, pursuant to § 5K1.1 U.S.S.G. and 18
U.S.C. § 3553(e), for a downward departure at sentencing in
order that I may be sentenced below the statutory minimum
sentence and the applicable guideline range.  I further
understand that the Court need not follow the sentence
recommendation of the government.  If I refuse to continue to
cooperate, I understand that the government will not be
obligated to move for a downward departure at sentencing.

(e)  I understand that if I knowingly violate any
local, state or federal law between now and the time of my
sentencing, such offense may constitute a violation of this
plea agreement.  I also understand that the Court will decide
whether a violation of the plea agreement has occurred on this
basis.  If the Court finds that I have breached this agreement
by violating any law, I understand that the Court may relieve
the government of all obligations and commitments in this plea
agreement while leaving intact my plea of "Guilty".

(f)  The United States agrees that if it appeals the
sentence in this case, I am released from the appeal waiver
provisions set forth in ¶¶8 (c),(d),(e) and (f).

14.  I have a right to ask the Court any questions I wish
to ask concerning my rights, or about these proceedings and
the plea.

\*          \*          \*

I make the following representations to the Court:

1.  I am 29 years of age.  My education consists of
13 yr .  I can read
and understand English.          (can/~~cannot~~)

2.  No threats or promises of any sort have been made to
me to induce me or to persuade me to enter this plea.

3.  No one has told me that I would receive probation or
any other form of leniency because of my plea.

- 7 -

4.  I have discussed this case and this plea with my lawyer as much as I wish to.

5.  I am satisfied with my lawyer.

6.  My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea.  I was not under the influence of any drugs, medication or intoxicants when the decision to enter the plea was made and I am not now under the influence of any drugs, medication or intoxicants.

7.  I have no mental reservations concerning the plea.

8.  I know that I am free to change or delete anything contained in this statement.  I wish to make no changes because all of the statements are correct.

DATED this _14_ day of November, 2002.

_____
RYAN D. HESSE
Defendant


I certify that I have discussed this statement with the defendant; that I have fully explained his rights to him and have assisted him in completing this form.  I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this _14_ day of November, 2002.

_____
STEVE MCCAUGHEY
Attorney for Defendant

- 8 -

I certify that this statement contains the complete agreement between the defendant and the government.  In addition, I certify that to the best of my knowledge there is no legal bar to the acceptance of the plea and that the plea is in the best interests of the public.  I am authorized to enter into this plea agreement on behalf of the United States.

DATED this _14th_ day of November, 2002.

_Veda M. Travis_
VEDA M. TRAVIS
Assistant United States Attorney

- 9 -